UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. WILLIAMS,<br><br>         Plaintiff,<br><br>    v.<br><br>MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., and ENCORE CAPITAL GROUP, INC.,<br><br>         Defendants. | CASE NO. 3:11-CV-02539 JM (BLM)<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |

**I. BACKGROUND**

   Plaintiff Donald Williams filed this case in October of 2011 alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. He claimed that Defendants' representatives made repeated telephone calls to his home in an effort to collect a debt from an individual unknown to Plaintiff. Despite the fact that Plaintiff and his wife repeatedly informed the callers that they had dialed an incorrect telephone number, the calls continued even after the complaint was filed in this case.

After the Early Neutral Evaluation Conference was held in front of Magistrate Judge Skomal, Defendants made an offer of judgment pursuant to Fed. R. Civ. P. 68 of $1,001 plus "reasonable attorneys' fees incurred and costs accrued" to the date of the offer. Plaintiff accepted the offer and the document was filed with the court on April 2, 2012. However, the parties were unable to agree on the appropriate amount of attorney's fees; Plaintiff has now moved for an award of $4,845.20 (based on 18.8 billable hours) under 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c). Defendants request that the court award a total of $1,887 based on a lower billing rate and a reduction to 8.3 billable hours. For the reasons stated below, Plaintiff's motion is GRANTED.

## II. LEGAL STANDARD AND DISCUSSION

To determine the appropriate fee award, the court must use the "lodestar" method, in which the number of hours billed is multiplied by a reasonable hourly rate. <u>Ferland v. Conrad Credit Corp.</u>, 244 F.3d 1145 at n.4 (9th Cir. 2001).

**A. Rates Requested and Hours Billed**

Attorney Amy Bennecoff[1] states that she performed 11.4 hours of billable work on this lawsuit, which was comprised of meeting with Plaintiff, preparing pleadings, participating in the Early Neutral Evaluation Conference, reviewing court correspondence, communicating with Defendants' attorneys, and collaborating with others at her firm. While she claims that her normal rate is $300/hour, she has voluntarily reduced it by 7% to $278/hour. Applying that rate to the 11.4 hour total, the total bill for Ms. Bennecoff's work is $3,169.20.

Partner Craig Thor Kimmel[2] spent one hour working on the case and reduced his normal rate of $425 to $400.

---

[1] Ms. Bennecoff attended Widener University School of Law, graduated in 2005 and has been practicing since that year. She has performed plaintiff's litigation for her entire legal career, has held seminars and been a guest on television shows about legal issues.
[2] Mr. Kimmel is a partner at the firm, was admitted to the bar in 1989, and formed his firm in 1991.

2

Attorney Jacob Ginsburg spent two hours on the case at the rate of $180/hour. He communicated with Plaintiff and assisted with drafting the pleadings. The total requested for Mr. Ginsburg is $360.

Paralegal Dawn Grob billed 1.9 hours on the case at a rate of $165/hour, and paralegal Jason Ryan spent 0.7 hours at $155/hour. Paralegal Pete Keltz billed 1.8 hours at $80/hour. This adds to 4.4 hours and $566.

Plaintiff only requests the $350 for the filing fee in costs; no costs for copying or other services is requested.

**B. Arguments Concerning Excessive Hours Worked**

1. Slow Communication and Resolution of Case

Defendants argue that Plaintiff's counsel performed unnecessary work because they failed to inform Plaintiff of a $500 settlement offer made in the middle of January. Plaintiff disputes this factual assertion. Defendants' argument continues by postulating that if the settlement offer had been made to Plaintiff, he would have informed Plaintiff's counsel that he received two additional calls from Defendants. Then, "[h]ad Ms. Bennecoff then shared the information regarding the two additional calls with Defendants, Defendants could have confirmed its veracity and resolved this case long before the parties were required to spend time preparing for or attending the ENE." Def. Opp. at 5.

Defendants' argument asks the court to assume that Plaintiff's counsel completely failed to perform their duty to inform Plaintiff of the settlement offer. While it is true that Plaintiff's counsel's billing does not specifically reflect a conversation concerning the settlement offer, the court declines to accept Defendants' assumption that the offer was never conveyed, causing unnecessary litigation. Defendants' further argument—that relaying the settlement offer to Plaintiff would have hastened settlement because it would have alerted Defendants to their statutory violations—must fail as well as it is predicated upon speculation.

2. Overstaffing and Specific Instances of Unnecessary Billing

Much of Defendants' opposition is focused on specific billing entries made by Plaintiff's counsel. Defendants also argue that much of the billing was repetitive because multiple attorneys and/or paralegals worked on the same documents.

While Defendants are clearly correct that unnecessary work should not be billed, Defendants provide little or no legal support for their arguments concerning specific instances of billing. Many of Defendants' arguments arise from disputes over trivial amounts of time, sometimes as little as one-tenth of one hour. It is virtually impossible to reasonably determine whether each tenth of an hour billed by Plaintiff's counsel is accurate; however, each entry appears to be reasonable, and the overall amount of time spent on the case certainly falls well within the range of reasonableness.[3] Moreover, Defendants have not provided any reasoning behind their implicit theory that multiple attorneys should not be allowed to bill for work on the same document. Similarly, they do not support their argument that two attorneys are not allowed to each bill time for speaking with one another about the case. Without legal support, the court declines to reduce the time billed in the amount requested by Defendants.

**C. Arguments Concerning Billing Rate**

Defendants also take issue with the rate charged by Plaintiff's counsel, especially the $278/hour billed by Amy Bennecoff. Part of the argument is based on Defendants' contentions that Ms. Bennecoff has filed very similar complaints and motions in other cases in this district. They request that the rates be reduced as follows: Defendants ask that the rates be reduced as follows: Kimmel: $310; Bennecoff: $210; Ginsburg: $140; Ryan: $110; Grob: $110; Keltz: $50. Defendants also cite several cases from the District of New Jersey in which Plaintiff's counsel's fees have been reduced. See, e.g., Levy v. Global Credit and Collection Corp., 2011

---

[3]   For example, in Rivera v. NCO Fin. Sys., Inc., 2011 U.S. Dist. LEXIS 82419 (E.D. Pa. 2011), the court awarded fees to Plaintiff's counsel based on 14.6 hours of work, 7.9 of which were billed by Craig Kimmel at $425 per hour.

WL 5117855 at *8 (D. N.J. 2011) (reducing Kimmel's rate to $310 and Bennecoff's rate to $210).

However, other out-of-district cases have upheld similar fee requests for Plaintiff's counsel. E.g., Rivera, 2011 U.S. Dist. LEXIS at n.3 (upholding $425 rate for Kimmel and $300 for three associates); Lindenbaum v. NCO Financial Systems, Inc., 2011 WL 2848748 (E.D. Pa. 2011) (upholding $425 rate for Kimmel, $300 for two associates, and legal assistant rates of $85, $155, and $165). The parties dispute the relevance of Tomovich v. Wolpoff & Abramson, LLP, 2009 U.S. Dist. LEXIS 100153 at *12-13 (S.D. Cal. 2009), in which the court awarded $300 to an attorney who had been licensed for ten years and had prosecuted "a number of FDCPA cases" in the district. Defendants argue that this attorney had ten years of experience and had higher qualifications in the field than Ms. Bennecoff. However, in that 2009 case, there was "no evidence that [the attorney] had any FDCPA experience prior to 2005." Id. at *12. The same attorney was awarded $350/hour in a 2007 FDCPA case that "did not involve novel or complex issues." Langley v. Check Game Solutions, Inc., 2007 U.S. Dist. LEXIS 67768 at *10, *18 (S.D. Cal. 2007).

The court finds that the rates requested are similar to the prevailing rates for similar work in this district. Though case law both within and outside the district lacks complete uniformity, the Tomovich and Langley cases demonstrate that Ms. Bennecoff's rate of $278 is reasonable. Ms. Bennecoff's rate of $278 is significantly less than the rate awarded in Langley to an attorney who at that point had only about eight years of experience. Ms. Bennecoff has been practicing for about seven years and has worked extensively in the FDCPA field for about five years. Any minor difference in Ms. Bennecoff's experience or qualifications is remedied by her slightly decreased rate.

/ / /

/ / /

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion for fees in the amount of $4,845.20 is GRANTED.

**IT IS SO ORDERED.**

Dated:  June 15, 2012

Jeffrey T. Miller
United States District Judge